```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.                                    Case No. 8:25-cv-52-VMC-LSG

HELLOCITIES LLC,

    Defendant.

_____/

## Order

This matter comes before the Court on consideration of Plaintiff Christopher Sadowski's Motion for Entry of Default Judgment (Doc. # 18), filed on March 17, 2025. The Court grants the Motion as set forth below.

## I. Background

According to the complaint, Sadowski "is a professional photographer by trade who is the legal and rightful owner of certain photographs which [he] commercially licenses." (Doc. # 1 at 2). He "created a photograph of a New York City subway (the 'Photograph') in which [Sadowski] owns the rights and licenses for various uses including online and print publications." (Id. at 1; Doc. # 1-1). "In creating the Photograph, [Sadowski] personally selected the subject matter, timing, lighting, angle, perspective, depth, lens,

1

and camera equipment used to capture the image." (Doc. # 1 at 3). "On February 15, 2021, [Sadowski] first published the Photograph" and, about a month later, "the Photograph was registered by the [United States Copyright Office] under Registration No. VA 2-246-656." (Id. at 2-3). Sadowski has previously "published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution." (Id. at 3).

Defendant Hellocities LLC "is a travel agency which owns and operates a website at domain www.hellocities.online (the 'Website')." (Id. at 1). It "is a Florida limited liability company with a principal place of business at 12200 Canyon Boulevard, Spring Hill in Pasco County, Florida." (Id. at 2). Hellocities is the owner and operator of the Website "and is responsible for its content." (Id. at 3).

Hellocities, "without permission or authorization from [Sadowski], actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws." (Id. at 1). Specifically, on "October 28, 2021, [Hellocities] displayed the Photograph on the Website as part of an on-line story at URL: https://www.hellocities.online/post/digitalnomad." (Id. at 3; Doc. # 1-2). "[T]he Photograph was copied and displayed

2

by [Hellocities] without license or permission, thereby infringing on [Sadowski's] copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the 'Infringement')." (Doc. # 1 at 4). "The Infringement is an exact copy of [Sadowski's] original image that was directly copied and displayed by [Hellocities] on the Website." (Id.). Hellocities' "use of the Photograph harmed the actual market for the Photograph." (Id. at 5).

The complaint alleges that "the Photograph was willfully and volitionally posted to the Website by [Hellocities]" and Hellocities "engaged in the Infringement knowingly and in violation of applicable United States copyright laws." (Id. at 4-5). This allegation is supported by Hellocities' subsequent conduct. That is, Sadowski's counsel in March 2023 "served a letter seeking to address the complaints contained herein concerning [Hellocities'] infringement of [Sadowski's] rights-protected work." (Id. at 5). "Despite [Sadowski's] efforts and willingness to address [Hellocities'] infringing activity, [Hellocities] failed to respond, and [Sadowski] was forced to seek judicial intervention for [Hellocities'] infringing activity." (Id.).

Sadowski initiated this action against Hellocities on January 9, 2025, asserting a single claim for direct copyright

3

infringement under 17 U.S.C. § 501 of the Copyright Act. (Doc. # 1). Sadowski served Hellocities on January 15, 2025, such that Hellocities' answer was due February 5, 2025. (Doc. # 11). Hellocities failed to file an answer or otherwise appear by the deadline. Thus, on February 7, 2025, Sadowski applied for entry of Clerk's default. (Doc. # 14). Clerk's default was entered on February 11, 2025. (Doc. # 16).

Now, Sadowski seeks default judgment against Hellocities. (Doc. # 18). He seeks $10,000 in statutory damages, $2,920 in attorney's fees, $482.25 in costs, and a permanent injunction against Hellocities' display of the photograph on its website. (Id.). Sadowski's declaration in support of default judgment reiterates the allegations of the complaint. (Doc. # 18-1). The Motion is ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal

4

Rule of Civil Procedure 55(b)(2). DirectTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. Analysis

After reviewing the Motion, attached declarations, the complaint, and the rest of the record, the Court determines that the Motion should be granted. As a preliminary matter, service on Hellocities was proper: Sadowski's process server served Hellocities' registered agent, United States Corporation Agents, Inc., on January 15, 2025. (Doc. # 11). Likewise, Clerk's default was properly entered on February 11, 2025. (Doc. # 16).

Next, Sadowski has sufficiently demonstrated to this Court the factual basis and elements required for his direct

5

copyright infringement claim set forth in the complaint, including the required elements for the issuance of a permanent injunction against Hellocities and an award of statutory damages.

"To prevail on a claim for direct copyright infringement, a plaintiff must show (1) that he owns a valid copyright and (2) that the defendant copied, distributed, reproduced, and/or performed protected elements of that work." Atl. Recording Corp. v. Spinrilla, LLC, 506 F. Supp. 3d 1294, 1306 (N.D. Ga. 2020). Sadowski has proven these elements. As alleged in the complaint and Sadowski's declaration, Sadowski owns a valid copyright in the Photograph and Hellocities published the Photograph on its Website without Sadowski's permission. See (Doc. # 18-1 at 2-3) ("The Photograph was registered with the United States Copyright Office [] on March 31, 2021, under Registration No. VA 2-246-656. . . . On December 25, 2022, [Sadowski] became aware that [his] Photograph was being displayed on [Hellocities'] website [] as part of an on-line story. . . . [He] did not grant [Hellocities] a license to use the Photograph and did not assign any of [his] rights or interests in the Photograph to [Hellocities]."). Based on Hellocities' default, the Court determines that the infringement was

willful. See Arista Recs., Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) ("[T]his Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default.").

"As to monetary damages, [Sadowski] can elect to seek statutory damages, actual damages, or a disgorgement of [Hellocities'] profits." Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008). "A finding of willful infringement justifies an award of heightened damages and attorney's fees." Id. at 1310. "Because the Court finds that [Hellocities'] infringement of [Sadowski's] copyrighted work[] was willful, the limits set forth in 17 U.S.C. 504(c)(2) — which sets the 'willful' statutory damages range from $200.00 and $150,000.00 — applies." Id.; see also 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may

7

reduce the award of statutory damages to a sum of not less than $200.").

Sadowski requests $10,000 in statutory damages. (Doc. # 18-1 at 3-4). In his declaration, Sadowski explains that his request is based "on the previous license fees [he] received for the online use of [his] images, totaling $2,000." (Id. at 4). He seeks "a multiplier of five (5) times the fair market value [of $2,000] [he] would have charged [Hellocities] for the Photograph had [Hellocities] sought a license to display the work." (Id.); see also Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); Aug. Image, LLC v. Auge Internacional Media, LLC, No. 22-22718-CIV, 2022 WL 20834406, at *4 (S.D. Fla. Nov. 16, 2022) ("Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award three to five times actual damages to properly account for statutory damages.").

While the Court agrees that a multiplier of the $2,000 licensing fee is appropriate, a five-times multiplier — resulting in $10,000 in statutory damages — is too high.

Rather, the Court determines that a three-times multiplier of the licensing fee is sufficient here. See Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 WL 6323863, at *3 (S.D. Fla. Aug. 7, 2020) (trebling plaintiff's actual damages); Major Bob Music v. Stubbs, 851 F. Supp. 475, 481 (S.D. Ga. 1994) ("[T]he Court finds that the Plaintiffs' request of statutory damages of $2000.00 per violation, or a total of $6,000.00 — an amount approximately three times what the Defendant would have paid to be licensed — is a modest, just and appropriate award under section 504(c)(1)."). Statutory damages of $6,000 make Sadowski whole, punish Hellocities for its willful infringement, and emphasize that complying with the copyright law is less expensive than infringement. See Clever Covers, Inc., 554 F. Supp. 2d at 1311 ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct]." (quoting F.W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233 (1952))).

Next, Sadowski seeks a permanent injunction against Hellocities. (Doc. # 18 at 16-17). "To obtain a permanent injunction, a plaintiff must show: (1) that it suffered an

9

irreparable injury; (2) that the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Nexstar Media, Inc. v. Jaros, No. 8:22-cv-516-CEH-SPF, 2023 WL 2571475, at *5 (M.D. Fla. Mar. 20, 2023). "The four-part test 'is regularly satisfied at the default-judgment stage in copyright-infringement cases.'" Id. (citation omitted).

Permanent injunctive relief is appropriate here. Sadowski has established an irreparable injury in Hellocities' "upending of [Sadowski's] ability to control and direct the dissemination of his own work." (Doc. # 18 at 16); see Wareka v. Faces by Francesca, LLC, No. 20-CV-62466, 2021 WL 6101375, at *6 (S.D. Fla. Oct. 19, 2021) ("Plaintiff has also presented sufficient evidence that Plaintiff would suffer irreparable harm from a diminished market value of the Image and loss of licensing fees as a result of Defendant's infringement."), report and recommendation adopted, No. 20-62466-CIV, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021). Monetary remedies are insufficient because the statutory damages will not prevent Hellocities from displaying the Photograph on its

Website in the future. See Arista Recs., Inc., 298 F. Supp. 2d at 1315 ("There is no evidence that Defendants have stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendants will stop."). "The Court finds that the equitable remedy of a permanent injunction is appropriate after balancing the hardships between [Sadowski] and [Hellocities], and that the public interest will not be disserved under these circumstances." Nexstar Media, Inc., 2023 WL 2571475, at *5; Arista Recs., Inc., 298 F. Supp. 2d at 1314 ("Injunctions are regularly issued pursuant to the mandate of Section 502, because the public interest is the interest in upholding copyright protections." (citation and internal quotation marks omitted)). The Court will enter a permanent injunction by a separate order.

Finally, the Court addresses the issue of fees and costs. "In any civil action under this title, the [C]ourt in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "Except as otherwise provided by this title, the [C]ourt may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. The Court finds that Sadowski's taxable costs of $482.25 are reasonable and that the attorney's fees of $2,920.00 are reasonable and

11

awardable to Sadowski, based on the Court's review of counsel's declaration (Doc. # 18-3) and billing records (Doc. # 18-4).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Christopher Sadowski's Motion for Entry of Default Judgment (Doc. # 18) is **GRANTED.**

(2) A permanent injunction will be entered by separate order.

(3) The Clerk is directed to enter a default judgment in favor of Plaintiff Christopher Sadowski and against Defendant Hellocities LLC in the amount of $6,000 in statutory damages, $2,920.00 in attorney's fees, and $482.25 in costs, all for which sum let execution issue.

(4) Thereafter, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of March, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE